Nickerson, Gary A., J.
This is an action in the nature of an appeal from the decision of the Falmouth Historic Districts Commission denying a certificate of appropriateness for the plaintiffs’ proposed renovations to the Frances Nye property in North Falmouth. This court’s review is mandated by section 10 of Chapter 654 of the Acts of 1975 (as amended) and guided by the principles set forth in Warner v. Lexington Historic Districts Commission, 64 Mass.App.Ct. 78 (2005).
The Commission’s decision is found in the minutes of the Commission meeting of November 9, 2005 (AR. Tab 78). The decision takes the form of a vote on the motion of Mr. Goldrick, which motion proposed denial on seven grounds. While an expansive written decision by the Commission is not required, Mr. Goldrick’s motion and the “Board Discussion’’ starting on page two of the minutes, leaves this jurist in doubt as to whether the Commission acted lawfully.
The motion objected to removing the chimneys. In the board discussion one finds comments suggesting that board members were objecting to interior renovation including the removal of the interior portion of the chimneys. The Commission must confine itself to reviewing exterior architectural features visible from public ways.
The motion objected to “inherent changes that the Nye House and property will have to undergo that will change the streetscape and will be incongruous to the North Falmouth Village.” Read in the context of the board discussion of that meeting one is left with the distinct impression that board members denied the project based on the proposed construction on the portion of the Nye property that is outside the historic district and based on the effect of the total project on surrounding properties both within and without the historic district. The Commission must confine itself to reviewing those portions of the project which lie within the district vis-a-vis the surrounding properties that lie within the district.
Having served on volunteer town boards in years past, this jurist is sensitive to the sacrifice and good intentions board members bring to their tasks. Prior to November 9th the Commission approved the project in concept and engaged in a constructive dialog with the plaintiffs to advance the plaintiffs’ private concerns and the public interest. It follows that the court should not substitute its judgment for that of Commission but should ORDER that the matter be REMANDED to the Commission for further consideration and decision, within the next ninety days, in accordance with the dictates of this order.